## MOUNTAIN LAKE MINING CO. v. MIDWAY IRR. CO. et al.

No. 2583.   Decided January 7, 1916.   (154 Pac. 584.)

1.  APPEAL AND ERROR—JUDGMENT—JURISDICTION TO AMEND.  After
    reversal on defendants' appeal and remand to the trial court
    with directions to enter judgment for defendants, the Supreme
    Court had jurisdiction to amend its judgment to make it con-
    form to the opinion of the majority of the court where there
    was a difference between the opinion and the judgment.  (Page
    373.)

2.  COURTS—CONSTRUCTION OF OPINION.  In suit to quiet title to
    the use of water, where both parties claimed the water, plaintiff
    claiming that he had developed it, while defendants claimed
    that it was a part of a natural stream, the opinion of a justice
    of the Supreme Court concurring in the reversal of judgment
    for plaintiff *held* to have necessarily concurred also in the
    affirmative judgment for defendants.  (Page 373.)

3.  WATERS AND WATER COURSES—SUIT TO QUIET TITLE TO USE OF
    WATER—JUDGMENT.  In a suit to quiet title to the use of water
    which plaintiff claimed as having developed it and which
    defendants claimed as part of a natural stream, general affirma-
    tive judgment for defendants was not too sweeping in that it de-
    nied plaintiff the right to use any water at any time, even for
    culinary or other domestic purposes, though all the water was
    not used by defendants, since in every judgment granting the
    right to the use of water it inheres that any one may use
    some of it for culinary or domestic purposes at any time when
    the claimant of the water does not use or require all of it for
    useful purposes.  (Page 374.)

4.  APPEAL AND ERROR—QUESTIONS REVIEWABLE—FINDING UNAS-
    SIGNED AS ERROR.  A finding not assigned as error is not pre-
    sented for review.  (Page 374.)

5.  JUDGMENT—ON TRIAL OF ISSUES—CONFORMITY TO PLEADINGS AND
    FINDINGS.  In an action to quiet title to the use of water, where
    defendants pleaded that for more than twenty-five years they
    and their predecessors had used for irrigation the water of the

natural stream in question derived from the mountains through natural channels and fissures, and needed it all, and prayed judgment quieting their title to the waters of the stream issuing from plaintiff's tunnel, and for a perpetual injunction restraining plaintiff from asserting any claim of ownership in the water issuing from the tunnel, and the court found that defendants and their predecessors had used all of the water of the stream for more than twenty-five years for irrigation, judgment quieting title in defendants to the use of the water, awarding them all of the water of the stream during both the irrigation and nonirrigation seasons of each year, was responsive to the findings and within the issues presented by the pleadings. (Page 374.)

Action by the Mountain Lake Mining Company against the Midway Irrigation Company, William Bonner, and others.

Judgment for plaintiff. Defendants appeal. Judgment was reversed with directions to enter judgment for defendants.

On plaintiff's motion to amend the judgment entered in favor of defendants.

*Thurman, Wedgwood & Irvine* for appellants.

*A. C. Hatch, E. E. Corfman* and *E. A. Walton* for respondent.

FRICK, J.

On October 23, 1915, and after the petition for a rehearing had been overruled and the case had been published (*Mountain Lake Min. Co. v. Irr. Co.*, 47 Utah 346, 149 Pac. 929), but before the remittitur had gone down, the plaintiff filed a motion to amend in certain particulars the judgment entered in favor of appellants by this court. The motion was based upon the theory that the writer in his concurring opinion had only concurred with Mr. Justice McCARTY to the extent of reversing the judgment of the court below and had not concurred in the affirmative judgment entered by this court in favor of the appellants by which the title to the waters in question was quieted in appellants. In view therefore that Mr. Chief Justice STRAUP had dissented, it is contended

that the affirmative judgment is not the judgment of the majority of this court. The writer desires to confess that his concurring opinion is not as clear as it might be and that, *prima facie* at least, counsel had some ground upon which to base the motion.

Before passing upon the merits of that motion, however, it becomes necessary to pass upon appellants' motion to strike plaintiff's motion upon the ground that this court has no jurisdiction to entertain said motion because the case has passed beyond our jurisdiction. We are of the opinion that appellant's motion cannot prevail, and that we have ample power or jurisdiction to amend the judgment so as to make it conform to the opinion of the majority of the court if, in fact, there is a difference between the opinion and the judgment. Nothing is asked for in the motion except to make the judgment conform to the actual decision, and to do that we have ample power. 23 Cyc. 866. Appellants' motion must therefore be overruled.

Should plaintiff's motion to amend the judgment prevail? Is it true that the concurring opinion merely concurs in the reversal of the judgment and does not concur in the affirmative relief or judgment in favor of the appellants? I shall not devote much time nor space to a discussion of the proposition. It seems to me that any disinterested person who will read the concurring opinion with care must arrive at the conclusion that, while the writer concurred in the reversal of the judgment with some hesitation or reluctance, yet he fully concurred with his Associate, Mr. Justice McCARTY, in the affirmative judgment in favor of the appellants. In view of the circumstances of this case, after having concurred in the reversal of the judgment there was in fact no logical way out except also to concur in the affirmative judgment in favor of appellants. That is so for the simple reason that both parties claimed the water in dispute. The plaintiff claimed it as having developed it, while the appellants claimed it as part of the natural stream. If the water in dispute was not developed water, then it was part of the natural stream. If it was part of the stream, it belonged to appellants by reason of prior appropriation. If it belonged to

374          SUPREME COURT OF UTAH.          [Jan.

Mountain Lake Min. Co. v. Midway Irr. Co. et al., 47 Utah 371.

the appellants, the judgment in their favor followed as a logical and necessary conclusion. It is not a case where title to the thing in dispute may belong to neither party. Here it necessarily belonged to one or the other of the litigants. A finding therefore that the water did not belong to the plaintiff was tantamount to a finding that it belonged to the appellants. I entertained that view when I wrote the concurring opinion and have discovered nothing in either the briefs or oral arguments of counsel for plaintiff that has caused me to change or modify that view. I assumed therefore that a mere concurrence with my Associate was sufficient, and that the mere fact that I stated my reasons for concurring in the reversal of the judgment was not, as counsel contend, tantamount to a refusal to concur in the affirmative judgment in favor of the appellants. The judgment in their favor is therefore the conclusion of the majority of the court and must prevail.

It is, however, also insisted that the judgment is too sweeping, in that it denies the plaintiff the right to use any of the water flowing out of the tunnel at any time, not even for culinary or other domestic purposes, even though all the water is not used by the appellants. Such is not the purpose, nor is it the legal effect, of the judgment. It is a matter which inheres in every judgment granting the right to the use of water that any one may use some of it for drinking or culinary or domestic purposes at any time when the claimant of the water does not use or require all of it for a like or some other useful purpose. Nothing was intended by the judgment except the ordinary and usual results flowing from judgments quieting title to the use of water in this arid region, and the judgment in that regard must be given the ordinary and usual effect.

Since writing the foregoing, Mr. Justice McCARTY has handed me his concurring opinion, and I desire to add that I fully concur with him in both his statements and conclusions.

McCARTY, J., concurring.

The contention made by counsel for respondent that a majority of this court did not concur in "directing a **4, 5** judgment or decree absolute for appellants" is so clear-

ly and fully answered by Mr. Justice FRICK in the foregoing supplemental opinion that nothing more need be said on that question.

It is alleged in the motion "to amend and correct" the opinion heretofore filed in the cause that an "affirmative judgment" for defendants (appellants) upon their counterclaim would deprive respondent of its property without "due process of law." Counsel have not pointed out in their printed brief filed in the case in support of the motion wherein and in what respect an affirmative judgment in favor of appellants would deprive respondent of its property without due process of law. Counsel, however, in their oral discussion of the motion to this court, clearly expressed their views and made plain their position regarding the foregoing propositions. They contended that the judgment directed to be entered by the court is, in some respects, not responsive to the findings and wholly outside of the issues presented by the pleadings, in that it decrees and awards to appellants all the water of Snake Creek during both the irrigation and nonirrigation seasons of each and every year. Appellants in their counterclaim alleged, among other things:

(1) "That for more than twenty-five years next preceding the commencement of this action these defendants (appellants) and their grantors and predecessors in interest have been, and that these defendants are now the owners of, all the water and water rights for irrigation, domestic, and other beneficial purposes of the waters of what is known as Snake Creek," etc.

(3) "That the sources of said creek consist of rains, melting snows, springs, and seepages, and during the spring, fall, and summer months of each and every year ordinarily said springs and seepages constitute by far the greater portion of the waters of said creek and are the main reliance of the defendants for the irrigation of their lands and for domestic and other beneficial purposes."

(4) "That said springs and seepages have their sources in the bosom of the mountains upon which are situated the mines and mining claims of plaintiff described in its complaint and, when not interfered with, find their way to the surface of said

376          SUPREME COURT OF UTAH.          [Jan.

Mountain Lake Min. Co. v. Midway Irr. Co. et al., 47 Utah 371.

mountain on the eastern slope thereof through natural chan-
nels and fissures in the rock imbedded in said mountains, and
the same reaches the surface thereof, and the said waters find
their way into said creek and are natural tributaries and
feeders thereof.''

(5)    ''That all of the waters of said creek as above de-
scribed and the water rights pertaining thereto are, as above
stated, owned by these defendants, and the same are necessary
and not more than sufficient, when economically used, for the
purposes hereinbefore stated.''

(6)    ''That the tunnel constructed and excavated by plain-
tiff (respondent here)   *   *   *   undermined, intercepted,
cut off, and diverted the underground streams, springs, and
seepages constituting the permanent sources of the waters of
said creek;   *   *   *   that by said undermining, intercept-
ing, cutting off, and diverting the waters aforesaid as above
described, the said springs and seepages and streams were pre-
vented from reaching the surface of the ground through the
natural channels heretofore described, whereby and by means
whereof said springs and streams ceased to flow to the natural
outlets thereof and thence into said creek as they had done
theretofore, but, on the contrary, were by the means aforesaid
diverted away and caused to flow into and through said tun-
nel and out of the mouth thereof as hereinbefore stated.''

(7)    ''That said plaintiff, in violation of the rights of these
defendants in and to the use of said water, now unlawfully
claims a portion thereof, but said claim is adverse to the rights
of these defendants as above set forth and is unconscionable,
inequitable, and without foundation of right.''

Their prayer was:

''Wherefore defendants pray judgment by decree quieting
their title to the waters issuing from plaintiff's tunnel and for
a perpetual injunction enjoining and restraining plaintiff, its
servants, agents, employees, and successors in interest, from
asserting any claim of ownership whatever in or to the water
issuing from said tunnel. Defendants pray for general relief
and for costs hereon.''

The trial court found:

''That the stockholders of the defendant corporation, Mid-

way Irrigation Company, and the other defendants, are the owners of land in severalty, situated in and near Midway, Wasatch County, Utah, amounting to approximately 4,000 acres; that the said lands are unproductive without irrigation, but, with irrigation, are highly productive and valuable; that more than 25 years prior to the commencement of this action, and many years prior to the commencement of the said Mountain Lake Tunnel, various people settled upon said lands, and appropriated for beneficial uses in irrigating their said land, and for domestic and culinary purposes, all of the water flowing in Snake Creek, and their successors have ever since used said water for the irrigation of said land and other beneficial purposes.''

This finding was presumably drafted and presented to the trial court by counsel for defendants. Let that be as it may, the finding is not assigned as error, and hence is not before this court for review. It will thus be observed that the judgment directed to be entered by this court is responsive to, and clearly within, the issues. Moreover, respondent, neither in its complaint nor at the trial, claimed any interest in or to any of the waters of Snake Creek or its tributaries, except a portion of the water issuing from the tunnel which it claimed to have developed by excavating and draining of its tunnel. The question of what use appellants make of the water during the winter and nonirrigation seasons of the year was not an issue and was not before the trial court for adjudication. I therefore join with Mr. Justice FRICK in denying the motion.

STRAUP, C. J., concurring.

For the reasons stated in my dissenting opinion (47 Utah 346, 149 Pac. 929), I still think the judgment of the court below ought to have been affirmed. Whether aptly expressed or not, I think it was the intention by the concurring opinion to concur, not only in the reversal of the judgment, but also in the direction of a judgment for the appellants. I so regarded it when I wrote the dissenting opinion. At any rate, that intention now is clearly indicated, and thus the prevailing opinion as to both propositions ought to be regarded, as I do regard it, the judgment of the court.